UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEBORAH PITTMAN, *on behalf of James Pettus a Disabled Senior Citizen will stage 4 Cancer and currently Isolated with Covid 19*,

                     Plaintiff,

-against-

JUDGE MIRIAM BREIR; JUDGE LACH; JUDGE HAGLER; JUDGE BRIGANTI; JUDGE McSHAN; JUDGE JOHN OR JANE DOE; APP. TERM BOARD OF DIRECTORS; OWNERS ATTY; MATTHEW SCHWARZ LAW FIRM OF GEIST SCHWARZ; JELLINEK,

                     Defendants.

23-CV-10208 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Deborah Pittman, who is appearing *pro se*, brings this action under the Court's federal question jurisdiction, on behalf of another individual, James Pettus. By order dated November 22, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The complaint is dismissed for the reasons set forth below.

**STANDARD OF REVIEW**

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Deborah Pittman filed this complaint[1] on behalf of James Pettus. Named as Defendants in this complaint are judges of the Bronx Housing Court and the Appellate Term, and members of the board of directors for the property located at 800 Grand Concourse, Bronx, New York. The claims arise out of Pettus's state court eviction proceedings, and related matters. (ECF 1.) The relationship between Pittman and Pettus is not clear.

Due to Pettus's history of engaging in vexatious litigation, he is barred, under 28 U.S.C. § 1651, from filing any new action IFP in this court without first obtaining leave to file. *See Pettus v. Clarke*, No. 05-CV-1439 (MBM) (S.D.N.Y. Feb. 4, 2005), *appeal dismissed*, No. 05-1314 (2d Cir. Nov. 11, 2005). Pettus has previously filed complaints naming the same defendants. *See, e.g.*, *Pettus v. Breir*, ECF 1:22-CV-8302, 3 (S.D.N.Y. Oct. 24, 2022) (dismissing complaint under bar order); *Pettus v. Breir*, ECF 1:22-CV-9510, 6 (S.D.N.Y. Nov. 9, 2022) (denying motion for leave to file because action was "not a departure from Plaintiff's pattern of nonmeritorious litigation."), No. 22-3159 (2d Cir. Feb. 10, 2023) (noting that in 2008

---

[1] With attachments, the complaint is 236 pages long.

and 2009, the Court of Appeals had imposed a "leave-to-file sanction" and monetary sanctions, and dismissing appeal as frivolous because it did "not depart from [his] "prior pattern of vexatious filings.").

## DISCUSSION

The statutory provision governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself." *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (internal quotation marks and citation omitted). And "because pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *Cheung v. Youth Orch. Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990). Only Pittman signed the complaint, and she has alleged no facts suggesting that she is an attorney. She cannot, therefore, assert any claims on behalf of Pettus.

And Pettus may not circumvent the filing injunction issued in No. 05-CV-1439 by having other individuals file *pro se* complaints on his behalf. The Court previously warned Pettus that the continued submission of frivolous documents may result in the imposition of additional sanctions, including monetary penalties under 28 U.S.C. § 1651. No. 22-CV-9510, Doc. 6 at 2. That warning remains in effect.

## CONCLUSION

The complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:   January 2, 2024
         New York, New York

                                            /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                            Chief United States District Judge